This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                    **No. 35,604**

**STEVEN G. ROMAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando R. Macias, District Judge**

Hector H. Balderas, Attorney General
Maha Khoury, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Chief Judge.**

{1}     Defendant Steven G. Roman appeals from his conviction for possession of a

controlled substance. In this Court's first notice of proposed disposition, we proposed to summarily affirm. In response, Defendant filed a timely motion to amend and memorandum in opposition. We then issued a second notice of proposed disposition in which we granted Defendant's motion to amend in part as it pertained to an apparent illegal concurrent sentence and we proposed to reverse and remand as to this issue; we denied Defendant's motion to amend in part as it pertained to presentence confinement credit; and we continued to propose to affirm Defendant's conviction. Defendant filed a memorandum responding to our second calendar notice, and the State filed a notice indicating that it does not oppose this Court's second calendar notice. After duly considering the responses, we affirm Defendant's conviction, and we reverse and remand to the district court to correct the illegal concurrent sentence.

**Admission of Drug Use and the Syringe**

{2}     In his docketing statement, Defendant claimed that his admission of drug use and the syringe were inadmissible under Rules 11-404 and 11-403 NMRA. [DS 3] In our first notice of proposed disposition, we proposed to conclude that, consistent with the district court's order denying Defendant's motion for a new trial, Defendant's admission of drug use was not evidence of Defendant's character or a prior bad act falling under Rule 11-404, but instead was an admission by a party-opponent, and admissible under Rule 11-801(D)(2) NMRA. [1 CN 3; *see also* RP 131] We further

proposed to conclude that the syringe found on Defendant's person upon his arrest was neither evidence of Defendant's character nor a prior bad act under Rule 11-404. [1 CN 3; *see also* RP 131] We also noted that to the extent that Defendant was claiming that the district court should have excluded his admission of drug use and the syringe under Rule 11-403 NMRA, we were not persuaded. [1 CN 3; *see also* DS 3*; RP 131-32] Based on the foregoing, we proposed to conclude that the district court did not abuse its discretion by admitting the evidence at issue in this case. [1 CN 4]

{3}     In response to our first notice of proposed disposition, Defendant maintained that the district court erred in admitting into evidence his admission to using drugs and the fact that he had a syringe on him under Rules 11-404 and 11-403. [Mot. Am./MIO 8-19] In our second notice of proposed disposition, we further elaborated as to why we were not persuaded that these rules prohibited the evidence in this case. [2 CN 8-10] In particular, we discussed the parties' arguments on Defendant's motion for a new trial and the district court's determination that neither Defendant's admission of drug use nor the syringe were character evidence under Rule 11-404(A) or evidence of a prior bad act under Rule 11-404(B). [2 CN 9-10] Similarly, we discussed the district court's Rule 11-403 analysis. [2 CN 10] We proposed to agree with the district court's Rules 11-404 and 11-403 analyses and to conclude that the district court did not abuse its discretion in admitting the evidence at issue in this case. [2 CN 10]

{4}      In response, and without pointing to any specific errors in fact or in law in our second calendar notice, Defendant continues to argue that his statement was character evidence and inadmissible under Rules 11-404 and 11-403. [2 MIO 1-2] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). He does not, however, say anything further about the syringe; therefore, any issues previously raised regarding the syringe are deemed abandoned. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (stating that when a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of the issue).

{5}      With respect to his statement of drug use, Defendant also takes issue with the fact that this Court did not address "the lateness of the State's notice[.]" [2 MIO 1; *see also* DS 1] We note that Defendant is referring to the notice required under Rule 11-404(B) for evidence of prior bad acts. *See* Rule 11-404(B). However, given this Court's proposal to agree with the district court's analysis that the evidence at issue is not evidence of a prior bad act, it was not necessary to discuss whether the State complied with the notice requirement of Rule 11-404(B).

{6}      Having considered Defendant's arguments on appeal, we conclude that

4

Defendant has not met his appellate burden on these issues. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error); *see also Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to clearly demonstrate that the trial court erred). Thus, we affirm Defendant's conviction for possession of a controlled substance.

**Illegal Concurrent Sentence**

{7}     In this Court's second notice of proposed disposition, we proposed to grant Defendant's motion to amend as it pertained to an apparent illegal concurrent sentence. [2 CN 3, 10] We further proposed to reverse and remand this sentencing issue to the district court. [Id.] Defendant agrees that remand is the proper remedy to address the illegal concurrent sentence [2 MIO 3], and the State has indicated that it does not oppose our proposed reversal and remand as to this sentencing issue [State's Notice]. Accordingly, for the reasons discussed in our second notice of proposed disposition, we reverse and remand Defendant's sentence to the extent that the district court ordered that Defendant's sentence in this case shall run concurrent "with the sentence imposed in Cause No. 14-CR-2129RB, in the United States District Court, District of New Mexico." [2 CN 10 (quoting RP 141)]

5

**Presentence Confinement Credit**

{8}      In our second calendar notice, we denied Defendant's motion to amend as it pertained to presentence confinement credit because this sentencing issue did not appear to be viable. [2 CN 3-6] In particular, we were not persuaded that Defendant was not permitted to argue that he was entitled to presentence confinement credit and, based on the record, we were not persuaded that he was entitled to credit for presentence confinement. [2 CN 3-6] We suggested that Defendant could raise this issue in a habeas proceeding. [2 CN 4, 6] In response, Defendant contends that he is entitled to request presentence confinement credit [2 MIO 1, 3], and he claims that, "if [he] is to be resentenced anyway, he should be permitted to address the issue at his resentencing hearing in the interests of judicial economy, rather than requiring that he raise the issue separately in a habeas proceeding." [2 MIO 3] Because we denied Defendant's motion to amend as to this sentencing issue, we decline to address the merits of Defendant's arguments on this issue. However, we note that the district court is not precluded from considering Defendant's arguments if the district court deems it appropriate to do so.

**CONCLUSION**

{9}      For the reasons stated in this opinion, as well as those provided in our first and second notices of proposed disposition, we affirm Defendant's conviction for

possession of a controlled substance and remand for resentencing in accordance with this opinion.

{10}   **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**J. MILES HANISEE, Judge**